IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MAVERICK TUBE CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 11-cv-2774-STA-tmp |
| ) | |
| A&H TRANSPORTATION, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING IN PART BALITA TRUCKINGS'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant Balita Trucking's Motion for Summary Judgment (D.E. # 268) filed May 15, 2013.  Plaintiff Maverick Tube Corporation ("Maverick") filed a Response (D.E. # 274) on June 10, 2013.  For the reasons given herein, the Court **GRANTS IN PART AND DENIES IN PART** Balita Trucking's Motion for Summary Judgment.

Federal Rule of Civil Procedure 56(a) provides that a party is entitled to summary judgment if she "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1]  In reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the nonmoving party.[2]  As a result, the "judge may not make credibility determinations or weigh the evidence."[3]  When the moving

---

[1] Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Canderm Pharmacal, Ltd. v. Elder Pharms., Inc.*, 862 F.2d 597, 601 (6th Cir. 1988).

[2] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[3] *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994).

party supports the motion with documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings, but must present some "specific facts showing that there is a genuine issue for trial."[4]  It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts."[5]  These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict.[6]  When determining if summary judgment is appropriate, a court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."[7]  A court must enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.[8]  In the Sixth Circuit, "this requires the nonmoving party to 'put up or shut up' [on] the critical issues of [her] asserted causes of action."[9]

    Balita Trucking introduces several invoices as evidence of a claim in the amount of $5,600.00. However, the Court notes none of these invoices shows which loads Balita Trucking moved for Maverick.  Maverick introduces the affidavit of Senior Transportation Analysis Michael Taft, stating Maverick contracted with Trans-System Logistics LLC to move Load #

---

[4] *Celotex*, 477 U.S. at 324.

[5] *Matsushita*, 475 U.S. at 586.

[6] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

[7] *Id*. at 251-52.

[8] *Celotex*, 477 U.S. at 322.

[9] *Lord v. Saratoga Capital, Inc.*, 920 F. Supp. 840, 857 (W.D. Tenn. 1995) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989)).

611302, but that Maverick had not contracted with Trans-System Logistics to move any other loads listed on Balita Trucking's invoices.  Confronted with unrebutted evidence from Maverick that Maverick is liable only for Load # 611302, the Court determines for the purposes of summary judgment that Maverick is only liable to Balita Trucking on Load # 611302.  As the invoice Balita Trucking submitted shows a charge of $200.00 for Load # 611302, the Court hereby **GRANTS IN PART AND DENIES IN PART** Balita Trucking's Motion for Summary Judgment in the amount of $200.00.

    **IT IS SO ORDERED.**

    **s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date:  September 6, 2013.