IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MAVERICK TUBE CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 11-cv-2774-STA-tmp |
| ) | |
| A&H TRANSPORTATION, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING JESUS NINO'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant Jesus Nino d/b/a Crazy Horse Transport's ("Nino") Motion for Summary Judgment (D.E. # 276) filed July 8, 2013.  There is no response to this Motion on the record.  For the reasons given herein, the Court **GRANTS** Nino's Motion for Summary Judgment.

Federal Rule of Civil Procedure 56(a) provides that a party is entitled to summary judgment if she "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1]  In reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the nonmoving party.[2]  As a result, the "judge may not make credibility determinations or weigh the evidence."[3]  When the moving party supports the motion with documentary proof such as depositions and affidavits, the

---

[1] Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Canderm Pharmacal, Ltd. v. Elder Pharms., Inc.*, 862 F.2d 597, 601 (6th Cir. 1988).

[2] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[3] *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994).

1

nonmoving party may not rest on his pleadings, but must present some "specific facts showing that there is a genuine issue for trial."[4] It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts."[5] These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict.[6] When determining if summary judgment is appropriate, a court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."[7] A court must enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.[8] In the Sixth Circuit, "this requires the nonmoving party to 'put up or shut up' [on] the critical issues of [her] asserted causes of action."[9]

Nino introduces his own affidavit authenticating the attached exhibits to his Motion as invoices for loads Nino carried for Maverick Tube.[10] The attached exhibits are four invoices showing "Total Carrier Pay" of $1400.00 each.[11] As more than twenty-eight days have passed

---

[4] *Celotex*, 477 U.S. at 324.

[5] *Matsushita*, 475 U.S. at 586.

[6] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

[7] *Id.* at 251-52.

[8] *Celotex*, 477 U.S. at 322.

[9] *Lord v. Saratoga Capital, Inc.*, 920 F. Supp. 840, 857 (W.D. Tenn. 1995) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989)).

[10] (Nino Aff. D.E. # 276-1).

[11] (Invoices, D.E. # 276-2 – 276-5).

since Nino's Motion for Summary Judgment with no response on the record, the Court accepts Nino's factual allegations as true.[12] Therefore, the Court **GRANTS** Nino's Motion for Summary Judgment in the amount of $5,600.00.

    **IT IS SO ORDERED.**

                                               **s/ S. Thomas Anderson**
                                               S. THOMAS ANDERSON
                                               UNITED STATES DISTRICT JUDGE

                                               Date:  September 6, 2013.

---

[12] *See* L.R. 56.1.