## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| **MAVERICK TUBE CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 11-2774-STA-tmp** |
| | ) | |
| **A&H TRANSPORTATION,** *et al.* | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER GRANTING ROADMASTERS POWER TRANSPORT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant Roadmasters Power Transport, LLC's ("Roadmasters") Motion for Summary Judgment (D.E. # 277-3, Attachment to Roadmaster's Motion for Leave to File Summary Judgment Motion), filed August 19, 2013.  Plaintiff Maverick Tube Corporation has indicated that it does not oppose this Motion (Plaintiff's Motion to Extend Deadline for Pretrial Conference and Trial, D.E. # 280).  For the reasons set forth below, the Court **GRANTS** Roadmasters's Motion for Summary Judgment.

Federal Rule of Civil Procedure 56(a) provides that a party is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1]  If a party fails to address another party's assertions of fact, a court may grant summary judgment if the motion and supporting materials show the

---

[1] Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Canderm Pharmacal, Ltd. v. Elder Pharms., Inc.*, 862 F.2d 597, 601 (6th Cir. 1988).

movant is so entitled.[2]  In reviewing a motion for summary judgment, a court must view the

evidence in the light most favorable to the nonmoving party.[3]  As a result, the "judge may not

make credibility determinations or weigh the evidence."[4]  When the moving party supports the

motion with documentary proof such as depositions and affidavits, the nonmoving party may not

rest on his pleadings, but must present some "specific facts showing that there is a genuine issue

for trial."[5]  It is not sufficient "simply [to] show that there is some metaphysical doubt as to the

material facts."[6]  These facts must be more than a scintilla of evidence and must meet the

standard of whether a reasonable juror could find by a preponderance of the evidence that the

nonmoving party is entitled to a verdict.[7]  When determining if summary judgment is

appropriate, a court should ask "whether the evidence presents a sufficient disagreement to

require submission to a jury or whether it is so one-sided that one party must prevail as a matter

of law."[8]  A court must enter summary judgment "against a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that

---

[2] Fed. R. Civ. P. 56(e).

[3] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[4] *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994).

[5] *Celotex*, 477 U.S. at 324.

[6] *Matsushita*, 475 U.S. at 586.

[7] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

[8] *Id*. at 251-52.

party will bear the burden of proof at trial.[9]  In the Sixth Circuit, "this requires the nonmoving

party to 'put up or shut up' [on] the critical issues of [her] asserted causes of action."[10]

Roadmasters introduces several invoices as evidence of a claim in the amount of

$6,800.00.[11]  The invoices show two totals of $3,400.00 each.[12]  Since Plaintiff does not object to

Roadmasters's Motion for Summary Judgment, the Court accepts Roadmasters's factual

allegations as true.  Therefore, the Court **GRANTS** Roadmasters's Motion for Summary

Judgment in the amount of $6,800.00

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: September 20, 2013.

---

[9] *Celotex*, 477 U.S. at 322.

[10] *Lord v. Saratoga Capital, Inc.*, 920 F. Supp. 840, 857 (W.D. Tenn. 1995) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989)).

[11] (Invoices, D.E. # 277-5).

[12] (*Id.*).